IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO DUARTE,<br><br>Petitioner,<br><br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER NOTIFYING PETITIONER HIS LETTER WILL BE CONSTRUED AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255, IF NOT WITHDRAWN; SETTING RESPONSE TIME; AND ORDERING MAILING OF INFORMATION<br><br><br><br>Civil Case No. 2:11-CV-297 TS<br><br>Criminal Case No. 2:10-CR-161 TS |

This matter is before the Court for consideration of a letter sent to the Court by Defendant/Petitioner. For the reason discussed below, the Court finds that the letter is properly classified as a motion under 28 U.S.C. § 2255.

I. BACKGROUND

On March 3, 2010, Defendant was indicted on single count of reentry of a previously removed alien in violation of 8 U.S.C. § 1326. Defendant pleaded guilty and was sentenced to 21 months imprisonment on May 3, 2010. Judgment was entered on May 7, 2010. No direct appeal was filed. On March 25, 2011, Defendant filed a letter with the Court asserting that he received ineffective assistance of counsel.[1]

II. DISCUSSION

Defendant sent this Court a letter stating that he believed he received ineffective assistance of counsel because his counsel failed to inform him of the possibility that his state and federal sentences may run consecutively to one another. The Court finds that Defendant's letter is properly construed as a Motion under 28 U.S.C. § 2255.

In construing a motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, the Court is required to make Petitioner "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Petitioner's assent or, the court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[2] Petitioner must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[3]

---

[1] The letter was docketed as a Motion under 28 U.S.C. § 2255 and was assigned a new case number: 2:11-CV-297 TS.

[2] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[3] *Castro v. United States*, 540 U.S. 375, 381 (2003).

Petitioner is cautioned that the recharacterization of his Motion as one under § 2255 would likely prevent the filing of a successive petition under the provisions of § 2255(h).[4] Petitioner is further cautioned that the time for filing a new § 2255 Motion expired one year after his May 7, 2010 judgment.[5] Therefore, if Petitioner withdraws his motion, he may not be able to timely file a new § 2255 Motion.

The Court will grant Petitioner until September 12, 2011, to file one of the following: (1) a § 2255 motion using the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw the Motion. If Petitioner objects to the recharacterization, the Court will rule on the characterization issue based on such objection without further briefing. If Petitioner files a § 2255 Motion using the official form he may also file a supporting memorandum.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner shall have until September 12, 2011, to file (1) a § 2255 motion set forth in the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw his Motion. It is further

---

[4] 28 U.S.C. § 2255(h) (requiring court of appeals certification for second or successive motions under § 2255) and Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts (requiring Defendant to obtain an order from the appropriate court of appeals prior to filing a second or successive motion under § 2255).

[5] 28 U.S.C. § 2255(f) (imposing one-year statute of limitations for filing § 2255 motions).

3

ORDERED that the Clerk of Court mail a § 2255 pleading packet to Petitioner at the address listed on his Motion. If Petitioner chooses to utilize this packet, the Motion shall also be filed by September 12, 2011.

DATED   July 11, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge