IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANCISCO DUARTE, Petitioner, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| vs. | |
| UNITED STATES OF AMERICA, Respondent. | Civil Case No. 2:11-CV-297 TS  Criminal Case No. 2:10-CR-161 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth below, the Court will deny the Motion and dismiss this case.

---

[1] Case No. 2:11-CV-297 TS, Docket No. 1.

1

## I.  BACKGROUND

On March 3, 2010, Petitioner was named in a one-count Indictment charging him with reentry of a previously removed alien in violation of 8 U.S.C. § 1326.  Petitioner pleaded guilty on May 3, 2010, and was sentenced to 21 months imprisonment on the same date.

On March 25, 2011, the Court received a letter from Petitioner asserting that his counsel was ineffective.  The Court has construed Petitioner's letter as a § 2255 Motion.  The Court informed Petitioner of the risks associated with recharacterization and provided Petitioner an opportunity to object to the recharacterization, withdraw the motion, or amend the Motion.[2]  Petitioner was later provided, upon his request, certain documents in preparation for the filing of a § 2255 Motion.[3]  To date, Petitioner has not responded to the Court's recharacterization order and the time for doing so has passed.  Therefore, the Court will consider the merits of Petitioner's claim.

## II.  DISCUSSION

Petitioner brings a single claim in his § 2255 Motion.  Petitioner alleges that he received ineffective assistance of counsel based on the fact that his counsel informed him that his federal sentence would run concurrently to his state sentence.  This advice, apparently, turned out to be inaccurate.

The Tenth Circuit has held that "'[w]hile the Sixth Amendment assures an accused of effective assistance of counsel in 'criminal prosecutions,' this assurance does not extend to

---

[2]Case No. 2:11-CV-297 TS, Docket No. 4.

[3]Case No. 2:11-CV-297 TS, Docket No. 5.

collateral aspects of the prosecution.'"[4] The Tenth Circuit has further held that "[t]he defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences. Consequences of a guilty plea unrelated to the length and nature of the federal sentence are not direct consequences."[5] The court further stated: "A consecutive sentence does not affect the length or nature of the federal sentence, even though it increases the total length of the defendant's incarceration. Thus, the consecutive nature of a sentence is not a direct consequence about which the defendant must be advised."[6]

In this matter, Petitioner alleges that he was misinformed as to whether his federal sentence would be concurrent with or consecutive to his state sentence. As the consecutive nature of a sentence is a collateral consequence, the Sixth Amendment is not implicated. Thus, counsel's allegedly faulty advice cannot rise to the level of ineffective assistance and his Motion must be denied.

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:11-CV-297 TS) is DENIED.

The Clerk of the Court is directed to close Case No. 2:11-CV-297 TS forthwith.

---

[4]*Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) (quoting *United States v. George*, 869 F.2d 333, 337 (7th Cir. 1989)).

[5]*United States v. Hurlich*, 293 F.3d 1223, 1230-31 (10th Cir. 2002).

[6]*Id*. at 1231.

DATED   September 27, 2011.

                     BY THE COURT:

                     _____
                     TED STEWART
                     United States District Judge